IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:                                                                                      In Proceedings
                                                                                              Under Chapter 13
JANET A. BARRETT,

                                                                                              Case No. 07-40049
           Debtor(s).

OPINION

The debtor in this case filed a petition for relief under chapter 13 on January 16, 2007. In her chapter 13 plan, she proposes to pay the trustee $579.82 per month for sixty months, which would allow the trustee to pay general unsecured creditors a *pro rata* share of approximately 22%. As reflected on schedule I, the debtor does not have any dependents. The parties agree that the debtor has current monthly income that exceeds the median family income for a one-person household in Illinois.

Creditor eCast Settlement Corporation ("eCast") objects that debtor's plan fails to apply all of debtor's projected disposable income, as determined by Official Form B22C, to payments to unsecured creditors. Specifically, eCast objects as follows: (1) debtor may not claim housing and vehicle deductions in excess of her actual monthly expenditures; (2) debtor may not claim a vehicle ownership expense on a vehicle that is owned free and clear of liens; and (3) debtor must include a "step-up" provision in her plan to reflect an increase in income that will occur in seven months when the debt on one of her vehicles is fully paid. In addition, eCast filed a Supplemental Objection to Confirmation, in which it argues that debtor deducted her mortgage expense on certain rental property twice on Form B22C, thereby taking an impermissible "double dip."

Section 1325(b)(2) defines disposable income as "current monthly income received by the

debtor ... less amounts reasonably necessary to be expended." 11 U.S.C. §1325(b)(2). Under §1325(b)(3), if a debtor's income is above the applicable State median, then "amounts reasonably necessary to be expended" must be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2).[1]  Section 707(b)(2) provides, in part, as follows:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides....

11 U.S.C. §707(b)(2)(A)(ii)(I). In the instant case, the Court must decide whether debtor may reduce her disposable income by deducting the "applicable monthly expense amounts" if those amounts exceed debtor's actual expenses.

Debtor's average monthly mortgage payment is $386.54 per month. However, on Form B22C, debtor deducts a total of $465.00,[2] the amount allowed under the IRS local standards for a family of one residing in Jackson County, Illinois. Similarly, although debtor's average monthly car payment on her 2003 Toyota Tacoma is $75.13, she deducts a total of $471.00,[3] the standard vehicle ownership expense. eCast argues that if the Court allows these deductions, debtor will have a monthly windfall totaling $474.33 ($78.46 for housing and $395.87 for transportation). In support of its position that the Court should not permit such a result, eCast cites § 5.8.5.5.2 of the Internal Revenue Manual, which provides that "[t]axpayers will be allowed the local standard or the amount

---

[1] Specifically, §1325(b)(3) provides that for above-median debtors, "[a]mounts reasonably necessary to be expended under paragraph (2) shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2)...." 11 U.S.C. §1325(b)(3).

[2] This figure is calculated on Form B22C by adding the amounts listed on lines 25c and 47c.

[3] This figure is calculated on Form B22C by adding the amounts listed on lines 28c and 47a.

actually paid, *whichever is less*." Internal Revenue Manual § 5.8.5.5.2 (09-01-2005) (emphasis in original). For the reasons set forth below, the Court finds that the language in the Internal Revenue Manual is not controlling and that §707(b)(2)(A)(ii)(I) of the Bankruptcy Code authorizes debtor to use the IRS standard expense deductions even if her actual expenses are less.

When interpreting a statute, "'the plain language of a statute is the most reliable indicator of congressional intent.'" *Baker v. Runyon*, 114 F.3d 668, 670 (7th Cir. 1997) (citing *Time Warner Cable v. Doyle*, 66 F.3d 867, 876 (7th Cir. 1995), *cert. denied*, *Doyle v. Time Warner Cable*, 116 S.Ct. 974 (1996)). The statutory language "should be conclusive except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters ... [or] lead to absurd results." *Id*. The Court finds the language in §707(b)(2)(A)(ii)(I) clear and unambiguous. The statute expressly states that debtor's allowed expense deductions *shall be* the applicable monthly expense amounts *specified under* the National and Local Standards. There is no provision for reducing the specified amounts to the debtor's actual expenses, nor does the statute suggest that the amounts specified in the Standards are to be used only as maximum amounts. Thus, "a plain reading of the statute would allow a deduction of the amounts listed in the Local Standards even where the debtor's actual expenses are less." Eugene R. Wedoff, *Means Testing in the New §707(b)*, 79 Am.Bankr.L.J. 231, 256 (2005). *See also In re Farrar-Johnson*, 353 B.R. 224, 229-230 (Bankr.N.D.Ill. 2006).

The distinction in the statute between "applicable" and "actual" expenses further supports this Court's determination that debtor is entitled to deduct the standard housing and vehicle ownership expenses. Section 707(b)(2)(A)(ii)(I) specifies that debtor's monthly expenses shall be the "*applicable* monthly expense amounts specified under the National Standards and Local

3

Standards" and the "*actual* monthly expenses for the categories specified as Other Necessary Expenses...." 11 U.S.C. §707(b)(2)(A)(ii)(I) (emphasis added). The use of the word "applicable" with respect to some expenses and the use of the word "actual" with respect to "Other Necessary Expenses" evidences a Congressional intent to distinguish between the two types of expenses, and to allow debtors to use the deductions found in the National and Local Standards for the first category of expenses (which include housing and vehicle ownership expenses). *In re Swan*, 2007 WL 1146485, at * 5 (Bankr.N.D.Cal. April 18, 2007). "A debtor's actual expenses are only relevant with respect to expenses that fall into the 'Other Necessary Expenses' category." *Id*. (citing *In re Fowler*, 349 B.R. 414, 418 (Bankr.D.Delaware 2006)). *See also In re Demonica*, 345 B.R. 895, 902 (Bankr.N.D.Ill.2006) ( "applicable monthly expenses" cannot be interpreted to mean the same thing as "actual monthly expenses").

While eCast relies on the Internal Revenue Manual to support its position that debtor must deduct her actual expenses if they are less than the standard amounts, this Court has previously held that there is no authority in the Bankruptcy Code for using the Internal Revenue Manual when interpreting §707(b)(2)(A)(ii)(I). *In re Brand*, No. 06-31309, slip op. at 5 (Bankr.S.D.Ill. March 15, 2007). An examination of the legislative history of BAPCPA reveals that although Congress could have used the language found in the Internal Revenue Manual when constructing the means test, it chose not to do so. *Id* n.3.

In *Fowler*, for example, the court found that a *prior* version of BAPCPA required a calculation of expenses "under the applicable National Standards, Local Standards, and Other Necessary Expenses allowance (excluding payments for debts) for the debtor .... in the area in which the debtor resides as determined under *the Internal Revenue Service financial analysis* for expenses

in effect as of the date of the order for relief." H.R. 3150, 105th Congress (1998) (emphasis added). The reference to the "Internal Revenue Service financial analysis," however, was replaced by the language currently found in §707(b)(2)(A), which provides that debtors may deduct the "applicable monthly expense amounts specified under the National and Local Standards." The court in *Fowler* concluded that this change from the prior version "evidences Congress' intent that the Courts not be bound by the financial analysis contained in the IRM and lends credence to the Court's conclusion that it should look only to the amounts set forth in the Local Standards." *In re Fowler*, 349 B.R. at 419. In *In re Grunert*, 353 B.R. 591 (Bankr.E.D.Wis. 2006), the court found further evidence of Congress' intent in the following language from a Report of the Committee on the Judiciary: "The bill also makes substantial changes to chapter 13 by substituting the IRS expense standards to calculate disposable income.... The formula remains inflexible and divorced from the debtor's actual circumstances." *In re Grunert*, 353 B.R. at 594 (quoting Report of the Committee on the Judiciary, House of Representatives, to Accompany S. 256, H.R.Rep. No. 109-31, pt. 1 at 553 (2005)). In short, the language of the Manual provided a model that Congress could easily have adopted. Congress' choice not to use that language implies that it did not intend the same result. *In re Chamberlain*, 2007 WL 1355894, at *4 (Bankr.D.Ariz.April 26, 2007). *See also In re Swan*, 2007 WL 1146485, at *6; *In re Sawdy*, 362 B.R. 898, 912-13 (Bankr.E.D.Wis. 2007); *In re Farrar-Johnson*, 353 B.R. at 231; *In re Fowler*, 349 B.R. at 419. Therefore, although debtor's actual expenses are less, the Court finds that debtor is entitled to deduct the standard amount of $465.00 for housing and the standard amount of $471.00 as a vehicle ownership expense.

In its objection to confirmation, eCast also asks the Court to determine whether debtor may deduct from her income a standard expense for a vehicle that is owned free and clear of liens. On

Form B22C, debtor deducts $332.00, the amount allowed under the IRS standards as a transportation ownership expense on a second vehicle. Debtor owns the vehicle, a 2006 Yamaha 650 V-Star Motorcycle, free and clear of liens.[4] eCast argues that because debtor owns the vehicle outright, she may not claim an ownership expense for that vehicle.

The Court, however, previously ruled in *In re Brand* that the plain language of §707(b)(2)(A)(ii)(I) allows a debtor to do just that. Relying on the distinction in the statute between *applicable* monthly expenses and *actual* expenses, the Court held that debtors could deduct the standard ownership expense for a vehicle they owned free and clear of liens. *In re Brand*, slip op. at 4. While eCast argues that by using the word "applicable," Congress limited the allowances in §707(b)(2)(A)(ii)(I) to those debtors for whom the expenses *apply*, the Court disagrees. As explained by the Court in *In re Chamberlain*:

> The simple answer is that ["applicable"] references both the region of the country in which the debtor lives and the selection that must be made between the two columns that appear in the Local Standards, one for the first car and one for the second car. If the debtor has only one car, the "applicable" expense is the one found in the first column. It takes a tortured reading to make "applicable" refer to anything else.

*In re Chamberlain*, 2007 WL 1355894, at *3. In short, the Court rejects eCast's interpretation of the word "applicable." The Court finds that because the statute distinguishes between applicable and actual expenses, debtor is entitled to deduct the transportation ownership expense specified in the National and Local Standards even though she has no car payment. *Accord In re Swan*, 2007 WL 1146485, at *5; *In re Sawdy*, 362 B.R. at 912; *In re Farrar-Johnson*, 353 B.R. at 231; *In re Fowler*, 349 B.R. at 419.

---

[4] Since the debtor has no debt service on the motorcycle to list at line 47, her net ownership expense for the motorcycle is equivalent to the $332.00 Local Standard ownership cost allowed at line 29a for a second vehicle.

eCast further argues that the language in the Internal Revenue Manual supports its position that debtor should not be allowed to deduct a transportation ownership expense for a vehicle that she owns outright. For the reasons previously discussed in this Opinion and in *In re Brand*, the Court finds this argument to be without merit.

The Court must also consider a third objection raised by eCast, *i.e.*, whether debtor must include a "step-up" provision in her plan to reflect an increase in income that will occur in seven months when the debt on one of her vehicles is fully paid. Debtor pays $502.00 per month on a 2003 Toyota Tacoma, but that payment will end in approximately the eighth month of debtor's sixty month plan. eCast contends that the Court should consider this anticipated income in determining the amount to be paid to unsecured creditors, and should not confirm the plan unless debtor includes a "step-up" provision in her plan reflecting an increase in income. In other words, eCast urges the Court to look beyond Form B22C in determining debtor's disposable income and to consider any anticipated income debtor may have during the life of the plan. In light of the Court's ruling in *In re Nance*, No. 06-41091, slip op. at 14 (Bankr.S.D.Ill July 10, 2007) that disposable income is determined solely by Form B22C, eCast's argument must fail.

Lastly, in its Supplemental Objection to Confirmation, eCast argues that debtor deducted her mortgage expense on certain rental property twice on Form B22C, thereby taking an impermissible "double dip." A close examination of the Form reveals otherwise. Line 4a shows that debtor's gross receipts from the rental property are $425.00. eCast contends that on Line 4b, debtor deducts from that amount a "mortgage expense" of $222.00, and then deducts that same expense again on line 47d. That is not the case. The $222.00 deduction on Line 4b is for "**ordinary and necessary operating expenses**," and is not a "mortgage expense." Debtor correctly deducts her **mortgage**

**expense** on the rental property on line 47d.   eCast's argument that debtor has deducted the same expense twice is simply incorrect.

Accordingly, for the reasons stated, the objections to confirmation filed by eCast are OVERRULED.

SEE WRITTEN ORDER.

ENTERED: July 10, 2007

/s/ Kenneth J. Meyers<br>UNITED STATES BANKRUPTCY JUDGE