# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:                                                     In Proceedings
                                                          Under Chapter 13
JANET A. BARRETT,

                                                          Case No. 07-40049

        Debtor(s).

## OPINION

The trustee in this chapter 13 case questions whether a single debtor, who claims an ownership expense for two motor vehicles on Official Form B22C, has applied all of her projected disposable income to make payments to unsecured creditors under her chapter 13 plan as required by 11 U.S.C. § 1325(b).  The debtor in this case filed a petition for relief under chapter 13 on January 16, 2007.  On schedule B of her bankruptcy schedules, filed the same day, she listed a 2003 Toyota Tacoma and a 2006 Yamaha 650 V-Star motorcycle.  According to her schedule D, only the Toyota Tacoma is encumbered by a lien.  On Official Form B22C, at line 28, the debtor checked the box indicating that she claimed an ownership expense for two or more vehicles.  She then claimed a net ownership expense of $395.87 for the first vehicle, the Toyota, on line 28c[1] and a net ownership expense of $332.00 for the second vehicle, the motorcycle, on line 29c.[2]  As reflected on schedule I, the debtor does not have a spouse or any dependents.  The parties agree that the debtor has current monthly income that exceeds the median family income for a one-person household in Illinois.

---

[1]  To arrive at her net ownership expense for the Toyota, the debtor subtracted the Average Monthly Payment of $75.13, listed at line 47b, from the $471.00 Local Standard ownership cost allowed at line 28a for a first vehicle.

[2]  Since the debtor has no debt service on the motorcycle to list at line 47, her net ownership expense for the motorcycle is equivalent to the $332.00 Local Standard ownership cost allowed at line 29a for a second vehicle.

In objecting to confirmation of the debtor's plan, the trustee does not argue that the debtor has acted in bad faith in filing the plan, *see* 11 U.S.C. § 1325(a)(3), or in filing the petition. *See* 11 U.S.C. § 1325(a)(7). Nor does he present any factual basis in support of such arguments.[3] Rather, his sole contention appears to be that the debtor is not entitled to claim an ownership expense for the motorcycle because, as a matter of law, a single debtor may not claim an ownership expense for two vehicles. In response, the debtor asserts that the means test, specifically that portion found at 11 U.S.C. § 707(b)(2)(A)(ii)(I), controls the transportation expenses that may be claimed by an "above-the-median" debtor and that this subsection and Official Form B22C permit a one-person household to claim ownership expenses for two vehicles. Neither party has provided the Court with any case law or secondary authority to support his or her respective position.

Following the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), if the trustee or an unsecured creditor objects to the confirmation of a chapter 13 plan, the court may not approve the plan unless the objecting creditor's allowed claim is paid in full, 11 U.S.C. § 1325(b)(1)(A), or unless the plan provides that "all of the debtor's projected disposable income to be received in the applicable commitment period . . . will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1)(B). Although Congress, in amending § 1325(b), took care to define the term "disposable income," it left undefined the concept of "projected disposable income," resulting in the considerable consternation of those affected by, or attempting to discern the meaning of, the statute as amended. Turning to those clues provided by the language of the statute,[4] § 1325(b)(2)(A)(i) states in pertinent part:

---

[3] Had the trustee contended that the debtor in this case acted in bad faith, he would bear the burden of producing factual evidence to support this position. *See, e.g., In re Sawdy*, 362 B.R. 898, 901-02 (Bankr. E.D. Wis. 2007).

[4] It is a fundamental rule of statutory construction that "when [a] statute's language is plain, the sole function of the courts--at least where the disposition required by the text is not

(2) "[D]isposable income" means  current monthly income received by the debtor .
. . **less amounts reasonably necessary to be expended**--
    (A)(i) for the maintenance or support of the debtor or a dependent of
    the debtor . . . .

11 U.S.C. § 1325(b)(2)(A)(i) (emphasis added).  Section 1325(b)(3), in turn, attempts to clarify

those "amounts [that are] reasonably necessary to be expended" by directing that a debtor whose

current monthly income[5] exceeds the median family income in that state for a household of her

family's size must look for that determination to the "means test," as that term is described in 11

U.S.C. § 707(b)(2)(A) and (B).[6] Finally, § 707(b)(2)(A)(ii)(I) mandates, in pertinent part, that "[t]he

debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified

under the National Standards and Local Standards . . . issued by the Internal Revenue Service for

the area in which the debtor resides . . . ." 11 U.S.C. § 707(b)(2)(A)(ii)(I).  It is the Local Standards

that govern the transportation expenses[7] that a debtor may deduct and, therefore, that control the

---

absurd--is to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters
Bank, N. A.,* 530 U.S. 1, 6 (2000) (quoting *United States v. Ron Pair Enterprises, Inc.,* 489 U.S.
235, 241(1989), in turn quoting *Caminetti v. United States,* 242 U.S. 470, 485 (1917)) (internal
quotation marks and parallel citations omitted).

   [5]  The term "current monthly income" is defined at 11 U.S.C. § 101(10A).

   [6]  With respect to the debtor's one-person household, 11 U.S.C. § 1325(b)(3)(A) states in
pertinent part:

    (3) Amounts reasonably necessary to be expended under paragraph (2) shall be
    determined in accordance with subparagraphs (A) and (B) of section 707(b)(2), if
    the debtor has current monthly income, when multiplied by 12, greater than–
        (A) in the case of a debtor in a household of 1 person, the median
        family income of the applicable State for 1 earner . . . .

11 U.S.C. § 1325(b)(3)(A).

   [7]  The Internal Revenue Service's (IRS)  Local Standards for transportation costs are
divided into two categories: ownership/lease costs and operating/public transportation costs.
*See, e.g., In re Hardacre,* 338 B.R. 718, 723-724 (Bankr. N.D. Tex. 2006).  Only the ownership
costs are at issue in the instant case.

question of whether the debtor in the instant case may claim an ownership expense for two motor vehicles.

The IRS's Local Standards chart[8] for ownership or lease expense does not differentiate based on size of household. It simply allows nationwide deductions of $471.00 for a first car and $332.00 for a second car. Official Form B22C offers additional explanation.[9] At line 28, the form calls for a debtor to select between a box marked "1 [vehicle]" or a box marked "2 or more [vehicles]" and states: "Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)" The debtor is then directed to the Local Standards chart figures and line 47 of the Official Form to calculate the net ownership expense for vehicle one. The debtor is directed to perform the same calculation at line 29, but "only if [he or she] checked the "2 or more" Box in Line 28." Again, there is nothing in the language of Official Form B22C to suggest that a debtor's household size determines the number of vehicles that he or she may own, or claim on the form. While there is much ambiguity in BAPCPA arising from the interpretation of the phrase "projected disposable income," the Court does not find such ambiguity in the narrower application of the ownership expense deduction. Both the statute, 11 U.S.C. § 707(b)(2)(A)(ii)(I), and Official Form B22C allow any household, regardless of size, to claim ownership expenses for up to two vehicles.

The Court has found any number of cases reciting the tenet that the Local Standards permit

---

[8] The IRS Local Transportation Expense Standards, containing charts for both automobile ownership costs and for automobile operating costs, is available at www.usdoj.gov/ust/ or from the Clerk of the Bankruptcy Court.

[9] Official Form B22C was prescribed by the Judicial Conference of the United States for the purpose of helping debtors to calculate disposable income, *In re Sawdy*, 362 B.R. at 909, and its completion is required. *See* Interim Fed. R. Bankr. P. 1007(b)(b); Interim Fed. R. Bankr. P. 9009.

4

a debtor to claim an ownership expense for up to two vehicles.  *See*,  *e.g., In re Lynch,* No. 06-33193, 2007 WL 1387987, at *1 (Bankr. E.D. Va. May 8, 2007);  *In re Carlton*, 362 B.R. 402, 408-09 (Bankr. C.D. Ill. 2007)*; In re Johnson,*346 B.R. 256, 266 & n.3 (Bankr. S.D. Ga. 2006); *In re Hardacre,* 338 B.R. at 724.   However, most of these cases do not involve a one-person household with two cars.  Of the few cases uncovered that concern a single debtor seeking ownership expenses for two vehicles, those that have denied the second vehicle expense have done so by looking beyond the plain language of the statute and the Official Form to other IRS materials governing the treatment of taxpayer expenditures.   In *In re Aprea*, No. 06-40493, 2007 WL 1219397 (Bankr. E.D. Tex. April 25, 2007), a single debtor claimed ownership expenses for his own car and for an expensive vehicle on which he was a co-signor on a lease for his fiancee.  The *Aprea* court, in denying the lease expense for the fiancee's car, turned to the Internal Revenue Manual and to the IRS's Collection Financial Standards which allow taxpayer expenditures for up to two cars only if each qualifies as an actual and necessary expense.  *Id.* at *4-5.  The Court concluded that the lease expense was not permitted for the luxury vehicle because it was not an expense of the debtor and was unreasonable and unnecessary.  *Id.*  Similar reliance on the Internal Revenue Manual and the IRS's Collection Financial Standards caused the bankruptcy court in *In re Hardacre,* 338 B.R. 718*,* to reject a vehicle ownership deduction for a second vehicle because it was owned by the debtor free and clear.  *Id.* at 728.  The court's rationale was based on a determination that the debtor's lack of a car payment foreclosed having a necessary expense as judged under the IRS's standards for delinquent taxpayers.  *Id.*  Notably, the court did not reject the second vehicle ownership expense based on the debtor's household size since it expressly recognized a single debtor's ability to claim ownership deductions for two cars. *Id..* at 724,  728.

        In contrast to *Aprea* and *Hardacre*, the court in *In re Zaporski,* No. 06-51617, 2007 WL

1186032 (Bankr. E.D. Mich. Apr. 17, 2007),[10] held that a single debtor may have transportation

expense deductions for two vehicles. *Id.* at *5-6. In *Zaporski*, the United States Trustee relied on

the Internal Revenue Manual and the IRS collection financial standards to argue, first, that an

ownership expense was not permissible for either car since the debtor was making payments on

neither. *Id.* at *4. More on point, the United States Trustee contended, based on the same taxpayer

collection standards, that the debtor could not have an operation expense for a second vehicle

because two vehicles were not necessary for a single debtor without dependents. *Id.* at * 10. The

court rejected both arguments, holding that BAPCPA did not adopt the necessity standards of the

Internal Revenue Manual and the IRS collection financial analysis but merely imported "the

applicable monthly expense amounts specified under the National Standards and Local Standards."

*Id.* (quoting 11 U.S.C. § 707(b)(2)(A)(ii)(I)). It concluded that the debtor, as the undisputed owner

of two vehicles, could properly claim an operation expense for both because "[t]he form invites it

and the statute allows it." *Id.*[11] As to both categories of Local standards transportation expenses –

ownership and operation – the court determined that the number, or the dollar amount, of deductions

permitted was based on the number of vehicles owned. *Id.* at *7, 10. The size of the debtor's

household, and its impact on the necessity of having a second vehicle, were not factors taken into

---

[10] Although *Zaporski* is a case under chapter 7, the analysis under 11 U.S.C. § 707(b)(2)(A)(ii)(I) remains the same.

[11] The IRS Local Transportation Expense Standards chart for automobile operating/public transportation costs allows a deduction in an amount that is determined by a debtor's place of residence and by the number of vehicles owned by the debtor, ranging from "No Car" to a maximum of "Two Cars." As with the ownership cost chart, the operating cost chart does not take into account the size of a debtor's household. Treatment of the vehicle operation expense on Official Form B22C also ignores size of household. At line 27 of the Official Form, a debtor simply selects from among boxes denoting the number of vehicles as "0," "1, " and "2 or more" and fills in the appropriate dollar amount (based on locale and number of cars) taken from the operating cost chart.

consideration in this determination. *Id.*[12]

This Court agrees with the *Zaporski* decision and rejects the notion that Congress intended the provisions of the Internal Revenue Manual and the IRS's Collection Financial Standards, with their respective definitions of necessity, to control means testing in bankruptcy. *See, e.g.*, *In re Barrett*, No. 07-40049, slip op. at 4-5 (Bankr. S.D. Ill. July 10, 2007) (overruling objections to confirmation of eCast Settlement Corporation); In *re Lynch,* 2007 WL 1387987, at *3; *In re Swan,* No. 06-50708, 2007 WL 1146485, at *5-6 (Bankr. N.D. Cal.  Apr. 18, 2007); *In re Sawdy*, 362 B.R. at 912-13;  *In re Naslund,* 359 B.R. 781, 791-93 (Bankr. D. Mont. 2006); *In re Fowler,* 349 B.R. 414, 417-19 (Bankr. D. Del. 2006).  Moreover, it is persuaded that a court's subjective determination of "reasonably necessary" is irrelevant to the standardized expenses allowed an over-the-median income debtor whose case is governed by BAPCPA.  *See, e.g., In re Carlton*, 362 B.R. at 411; *In re Brady*, 361 B.R. 765, 772 (Bankr. D. N.J. 2007).   The Court finds that if an expense is allowed under the National or Local Standards of § 707(b)(2)(A)(ii)(I), this fulfills the statutory definition of "reasonably necessary" in 11 U.S.C. § 1325(b) and displaces the court's subjective measure of whether the expense should be permitted.

In addition, since the trustee has not raised the argument, and has presented no evidence that would allow the Court to weigh whether the debtor has acted in bad faith, the Court leaves for another day the question of whether compliance with 11 U.S.C. § 1325(b)(1)(B), by devoting all projected disposable income to payments to unsecured creditors, precludes the Court from re-examining a debtor's expenses as indicia of bad faith in proposing a plan, *see* 11 U.S.C. § 1325(a)(3), or in filing a petition. *See* 11 U.S.C. § 1325(a)(7).

---

[12] Ultimately, the *Zaporski* court concluded under 11 U.S.C. § 707(b)(3)(B) that the totality of the debtor's financial circumstances demonstrated abuse and warranted dismissal of his chapter 7 case.  However, the debtor's ownership of two cars was not a factor in the Court's finding of abuse.  *Id.* at *10-15.

For the reasons stated, the Court finds that the debtor in the instant case is entitled to an ownership expense deduction for both the Toyota and the motorcycle and that her claim of a deduction for both vehicles does not foreclose a determination that she is applying all of her projected disposable income to make payments to unsecured creditors under the plan as required by 11 U.S.C. § 1325(b)(1)(B).

SEE WRITTEN ORDER.


ENTERED: July 10, 2007

_____/s/ Kenneth J. Meyers_____
UNITED STATES BANKRUPTCY JUDGE